UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMIR AYALA-ROSARIO,

                Plaintiff,

      -against-

WESTCHESTER COUNTY, *et al.*,

                Defendants.

19-CV-3052 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

      On July 2, 2020, the Court granted Defendants Correct Care Solutions, Ulloa, and Gendell's ("CCS Defendants") Motions to Dismiss in full and granted Defendant Westchester County's Motion to Dismiss with respect to all Defendants except Defendants Graham and Pena. (Dkt. No. 51.) The Clerk of the Court mailed a copy of the Order to Plaintiff at the address provided to the Court. (*See* Dkt (entry for July 2, 2020)). The mail was returned to the Clerk of the Court as undeliverable. (*See* Dkt. (entry for July 28, 2022). Plaintiff was previously advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 4 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."). On August 5, 2020, this Court ordered Plaintiff to show cause within 30 days as to why the prior dismissal without prejudice should not be dismissed with prejudice and why his remaining claims should not be dismissed for failure to prosecute. (Dkt. No. 52.) On September 17, 2020, Plaintiff wrote to the Court stating that he was transferred to Five Points Correctional Facility and never received this Court's July 2, 2020 Order & Opinion. (*See* Dkt. No. 53.) Plaintiff therefore requested permission to amend his Complaint. (*Id.*) The Court granted Plaintiff's request and

ordered that he file his proposed Amended Complaint by no later than December 31, 2020. (Dkt. No. 54.) Plaintiff failed to do so. On April 8, 2022, the Court once again ordered Plaintiff to show cause, this time by April 29, 2022, as to why the case should not be dismissed for failure to prosecute. (Dkt. No. 56.)

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. The Court's Order to Show Cause, mailed to Plaintiff on April 11, 2022, (*see* Dkt. (entry for Apr. 11, 2022)), indicated that Plaintiff's failure to show cause by April 29, 2022 would result in the

Court dismissing the case without prejudice without further notice. (Dkt. No. 56.) To date, Plaintiff has not responded to the Order to Show Cause, nor has Plaintiff communicated with the Court since September 17, 2020. (*See* Dkt.) Accordingly, the Court dismisses the Action for failure to prosecute. *See Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the [p]laintiff can be responsible for notifying the court and the [d]efendant of his updated address, and [the] [p]laintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, certify on the docket that it has done so, and close this case.

SO ORDERED.

Dated: May 6, 2022
       White Plains, New York

                                                  KENNETH M. KARAS
                                          United States District Judge